# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 19-0241V

| | |
|---|---|
| T.R.,<br><br>       Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>       Respondent. | Chief Special Master Corcoran<br><br>Filed: December 4, 2020<br><br>Order; Motion for Redaction; Special<br>Processing Unit (SPU); Influenza<br>(Flu) Vaccine; Shoulder Injury<br>Related to Vaccine Administration<br>(SIRVA) |

*Carol Gallagher, Somers Point, NJ, for petitioner.*

*Camille Michelle Collett, U.S. Department of Justice, Washington, DC, for respondent.*

### ORDER GRANTING IN PART MOTION TO REDACT[1]

On February 12, 2019, T.R. filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered an injury which meets the Table definition for shoulder injury related to vaccine administration ("SIRVA") after receiving an influenza vaccine on October 2, 2017. Petition at 1, ¶¶ 2, 3. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 10, 2020, I rendered a factual finding, determining there is preponderant evidence to establish that Petitioner's left shoulder pain began within 48 hours of vaccination. Finding of Fact ("Fact Ruling") at 1, 5, ECF No. 32. Petitioner has filed initial and then amended motions to redact information in the Fact Ruling. ECF Nos. 33, 38.

---

[1] Because this unpublished Order contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **In light of the undersigned's conclusion below, I intend to post this Order with a redacted caption**. To the extent Petitioner would seek further redaction, in accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

For the reasons stated below, I hereby grant Petitioner's motion in part, and order that her name be redacted to initials in the Fact Ruling issued on August 10, 2020.

## I.        Procedural Background

On August 24, 2020, Petitioner filed a timely motion to redact most of the information contained in the Fact Ruling, including my finding that Petitioner suffered left shoulder pain within 48 hours of vaccination as well as the evidence upon which I based that finding. Motion to Redact at 1-7, ECF No. 33. Petitioner seeks to redact all language except the paragraph stating that she filed her petition in February 2019, the section explaining the legal standard for factual findings, and the instruction that Petitioner file a status report regarding her demand as the next step in the case. *Id.* 2-7. Petitioner argues that she "believes, not to redact this information, is an invasion of her privacy" but provides no further evidence or information to support this assertion. *Id.* at 1. In the alternative, Petitioner requests that her name be redacted to initials only. *Id.* at 1, 8-13.

On September 8, 2020, Respondent filed his response, taking no position as to whether redaction is appropriate or not, and deferring resolution of the matter to my judgment. ECF No. 35.

On September 17, 2020, Petitioner filed an amended motion, narrowing her redaction request to "any language setting forth her prior medical history that does not relate to, or shed light upon, the existing vaccine related shoulder injury." Amended Motion at 1, ECF No. 38. Petitioner indicates that she "does not object to her name being published, [n]or does she object to any language in the pleading that is associated with the vaccine administration and related shoulder injury(ies)." *Id.* The redacted version of the factual finding filed with the amended motion contains seven instances where Petitioner has redacted the description of conditions unrelated to her vaccine injury for which she was receiving treatment prior to and after vaccination. *Id.* 2-7. Petitioner argues that disclosure of this information would constitute a HIPPA violation but again provides no further evidence, information, or argument to support this assertion. *Id.* at 1.

On October 7, 2020, Respondent filed another response. He again takes no position as to whether redaction is appropriate or not and defers resolution of the matter to my judgment. ECF No. 40.

Petitioner did not file a reply. The matter is now ripe for resolution.

## II.     Legal Standard

I have previously discussed in other decisions the Vaccine Act's treatment of requests to redact Program decisions and rulings. *See generally K.L. v. Sec'y of Health & Human Servs.*, No. 12-0312V, 2015 WL 11387761, at *2-4 (Fed. Cl. Spec. Mstr. Feb. 27, 2015), *mot. for review den'd*,123 Fed. Cl. 497 (2015) (denying a request to redact petitioner's name and description of illnesses). Generally, information provided in vaccine proceedings may not be disclosed without the written consent of the party providing the information. Section 12(d)(4)(A); Vaccine Rule 18(a). The Act requires disclosure of the decisions of the special masters or the court but provides for redaction of certain categories of information – "medical files and similar files" – but only if the disclosure of such information "would constitute a clearly unwarranted invasion of privacy." Section 12(d)(4)(B); *accord.* Vaccine Rule 18(b).

The Vaccine Rules allows the initials of a minor to be used in the petition's caption when filed. Vaccine Rule 16(b). Although adult petitioners' names are not afforded this automatic protection, they may be redacted if the movant establishes proper grounds for so doing. *See generally W.C. v. Sec'y of Health & Human Servs.*, 100 Fed. Cl. 440, 460-61 (Fed. Cl. 2011) *aff'd*, 704 F.3d 1352 (Fed. Cir. 2013) (analogizing Vaccine Act's privacy concerns to treatment of similar issues under the Freedom of Information Act, claimant's name was properly subject to redaction from decision); *but see Langland v. Sec'y of Health & Human Servs.*, No. 07-0036V, 2011 WL 802695, at *7-8 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), *mot. for rev. denied on non-relevant grounds*, 109 Fed. Cl. 421 (2013) (petitioners not entitled to redaction of names from decision where they failed to establish compelling grounds for so doing). There is a notable public interest in knowing the vaccination and medical information related to a petitioner's injury but no public interest in knowing a petitioner's name. *A.K. v. Sec'y of Health & Human Servs.*, No. 09-0605V, 2013 WL 322918, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2013).

*W.C.* and *Langland* stand as two somewhat-opposed interpretations of how strict the standard for obtaining redaction should be. *Langland* adopts a more stringent approach, while *W.C.* emphasizes a balancing test that weighs a petitioner's privacy interests against "the public purpose of the Vaccine Act." *W.C.*,100 Fed. Cl. at 460-61; *K.L.*, 2015 WL 11387761, at *2-3. In either case, however, a petitioner needs to make *some* showing to justify the relief of redaction; redaction is not available simply at a petitioner's beck and call. *W.C.*, 100 Fed. Cl. at 460 (balancing of interests favors redaction "where an objection [to disclosure] is made on *reasonable grounds*") (emphasis added). I have permitted redaction in cases where such a specialized showing was made without reconciling these two competing standards or choosing one over the other. *See, e.g., K.L. v. Sec'y of Health & Human Servs.*, No. 12-0312V, 2015 WL 11882259 (Fed. Cl. Spec. Mstr. Oct. 30, 2015) (granting petitioner's second request to redact only her

name to initials which was accompanied by additional information regarding the potential harm she may suffer regarding her employment).

### III.     Analysis

I have previously discussed in other orders the Vaccine Act's treatment of requests to redact Program decisions and rulings. *See generally K.L. v. Sec'y of Health & Human Servs.*, No. 12-0312V, 2015 WL 11387761, at *2-4 (Fed. Cl. Spec. Mstr. Feb. 27, 2015), *mot. for review den'd*,123 Fed. Cl. 497 (2015) (denying a request to redact petitioner's name and description of illnesses). Generally, information provided in vaccine proceedings may not be disclosed without the written consent of the party providing the information. Section 12(d)(4)(A); Vaccine Rule 18(a). The Act requires disclosure of the decisions of the special masters or the court but provides for redaction of certain categories of information – "medical files and similar files" – but only if the disclosure of such information "would constitute a "**clearly unwarranted** invasion of privacy." Section 12(d)(4)(B); *accord.* Vaccine Rule 18(b).

In Petitioner's initial motion, she asks that I redact most of the information contained in the Fact Ruling, arguing that disclosure would constitute "an invasion of her privacy." In addition to providing no evidence, information, or argument to support such a broad redaction request, Petitioner utilizes a lower standard than the standard for redaction set forth in the Vaccine Act. In her amended motion, Petitioner narrows her redaction request to information regarding medical conditions unrelated to vaccination. Amended Motion at 1. She argues that disclosure of this information would be a HIPPA violation. *Id.*

Much of the information Petitioner seeks to redact is necessary to inform the public of the factors to be considered when a determination regarding the onset of a petitioner's shoulder pain is made. Additionally, authorization is not required under the Health Insurance Portability and Accountability Act (HIPPA) for disclosure "in the course of any judicial or administrative proceeding." 45 C.F.R. § 164.512(e) (2016). Because of the public interest in disclosure, such information would not be appropriate for redaction under the Vaccine Act. *See W.C.*, 100 Fed. Cl. at 461.

In the first motion to redact filed on August 24, 2020, Petitioner requests that, in the alternative, I redact her name to initials only. The Vaccine Rules allows the initials of a minor to be used in the petition's caption when filed. Vaccine Rule 16(b). Although adult petitioners' names are not afforded this automatic protection, they may be redacted if the movant establishes proper grounds for so doing. *See generally W.C. v. Sec'y of Health & Human Servs.*, 100 Fed. Cl. 440, 460-61 (Fed. Cl. 2011) *aff'd*, 704 F.3d 1352 (Fed. Cir. 2013) (analyzing Vaccine Act's privacy concerns to treatment of similar issues under

the Freedom of Information Act, claimant's name was properly subject to redaction from decision); *but see Langland v. Sec'y of Health & Human Servs.*, No. 07-0036V, 2011 WL 802695, at *7-8 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), *mot. for rev. denied on non-relevant grounds*, 109 Fed. Cl. 421 (2013) (petitioners not entitled to redaction of names from decision where they failed to establish compelling grounds for so doing). There is a notable public interest in knowing the vaccination and medical information related to a petitioner's injury but no public interest in knowing a petitioner's name. *A.K. v. Sec'y of Health & Human Servs.*, No. 09-0605V, 2013 WL 322918, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2013).

Here, I find that it is appropriate to grant Petitioner's request to redact her name to reflect her initials only but will permit no further redaction of the Fact Ruling. The disclosure of the additional information contained in the Fact Ruling is necessary to inform the public of the type of injuries related to the vaccination Petitioner received and factors to be considered when determining onset. Such information would not be appropriate for redaction under the Vaccine Act given the public's interest in disclosure of possible vaccine-related injuries. *See W.C.*, 100 Fed. Cl. at 461. Furthermore, I find that none of this information, either singularly or in the aggregate, is sufficient to identify the Petitioner in this case, and Petitioner has not otherwise shown why a more extensive redaction (which would effectively render the Decision unintelligible) is justified. The more limited redaction is sufficient to protect Petitioner's legitimate concerns.

## IV.    Conclusion

For the reasons set forth above, I hereby determine that Petitioner has established grounds for redaction of her name in the Fact Ruling issued on August 10, 2020, and I therefore **GRANT IN PART** **the motion filed by Petitioner on August 24, 2020 at ECF No. 33. The amended motion filed by Petitioner on September 17, 2020 at ECF No. 38 is DENIED.**

**The Clerk of this Court is hereby instructed to change the caption of this case to the caption above.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
