# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-0241V

|                                |                                |
|--------------------------------|--------------------------------|
| T.R.,                          | Chief Special Master Corcoran  |
|     Petitioner, | Filed: December 4, 2020    |
| v.                             | Order; Motion for Redaction; Special Processing Unit (SPU); Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
|     Respondent. | |

*Carol Gallagher,* Somers Point, NJ, for petitioner.

*Camille Michelle Collett,* U.S. Department of Justice, Washington, DC, for respondent.

### ORDER DENYING MOTION TO REDACT[1]

On February 12, 2019, T.R.[2] filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[3] (the "Vaccine Act"). Petitioner alleges that she suffered an injury which meets the Table definition for shoulder injury related to vaccine administration ("SIRVA") after receiving an influenza vaccine on October 2, 2017. Petition at 1, 2, 3. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Order contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **In light of the undersigned's conclusion below, I intend to post this Order with a redacted caption**. To the extent Petitioner would seek further redaction, in accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.

[2] Pursuant to my Order granting in part Petitioner's August 24, 2020 redaction request regarding information in the Fact Ruling I issued in this case on August 10, 2020, Petitioner's name has been redacted in the caption of this case to reflect her initials only. Thus, this order will confirm to the amended caption and will reflect Petitioner's initials only.

[3] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On October 13, 2020, I rendered a decision awarding damages in the amount proffered by Respondent to which Petitioner agreed. Decision Awarding Damages ("Damages Decision"), ECF No. 44. Two days thereafter, Petitioner filed a motion to redact the amount of damages awarded in this case. ECF No. 45. For the reasons stated below, I hereby deny Petitioner's motion to redact.

### I.  Legal Standard

I have previously discussed in other orders the Vaccine Act's treatment of requests to redact Program decisions and rulings. *See generally K.L. v. Sec'y of Health & Human Servs.*, No. 12-0312V, 2015 WL 11387761, at *2-4 (Fed. Cl. Spec. Mstr. Feb. 27, 2015), *mot. for review den'd*, 123 Fed. Cl. 497 (2015) (denying a request to redact petitioner's name and description of illnesses). Generally, information provided in vaccine proceedings may not be disclosed without the written consent of the party providing the information. Section 12(d)(4)(A); Vaccine Rule 18(a). The Act requires disclosure of the decisions of the special masters or the court but provides for redaction of certain categories of information – "medical files and similar files" – but only if the disclosure of such information "would constitute a clearly unwarranted invasion of privacy." Section 12(d)(4)(B); *accord.* Vaccine Rule 18(b).

The Vaccine Rules allows the initials of a minor to be used in the petition's caption when filed. Vaccine Rule 16(b). Although adult petitioners' names are not afforded this automatic protection, they may be redacted if the movant establishes proper grounds for so doing. *See generally W.C. v. Sec'y of Health & Human Servs.*, 100 Fed. Cl. 440, 460-61 (Fed. Cl. 2011) *aff'd*, 704 F.3d 1352 (Fed. Cir. 2013) (analogizing Vaccine Act's privacy concerns to treatment of similar issues under the Freedom of Information Act, claimant's name was properly subject to redaction from decision); *but see Langland v. Sec'y of Health & Human Servs.*, No. 07-0036V, 2011 WL 802695, at *7-8 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), *mot. for rev. denied on non-relevant grounds*, 109 Fed. Cl. 421 (2013) (petitioners not entitled to redaction of names from decision where they failed to establish compelling grounds for so doing). There is a notable public interest in knowing the vaccination and medical information related to a petitioner's injury but no public interest in knowing a petitioner's name. *A.K. v. Sec'y of Health & Human Servs.*, No. 09-0605V, 2013 WL 322918, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2013).

*W.C.* and *Langland* stand as two somewhat-opposed interpretations of how strict the standard for obtaining redaction should be. *Langland* adopts a more stringent approach, while *W.C.* emphasizes a balancing test that weighs a petitioner's privacy interests against "the public purpose of the Vaccine Act." *W.C.*, 100 Fed. Cl. at 460-61; *K.L.*, 2015 WL 11387761, at *2-3. In either case, however, a petitioner needs to make *some* showing to justify the relief of redaction; redaction is not available simply at a petitioner's beck and call. *W.C.*, 100 Fed. Cl. at 460 (balancing of interests favors redaction "where an objection [to disclosure] is made on *reasonable grounds*") (emphasis

2

added). I have permitted redaction in cases where such a specialized showing was made without reconciling these two competing standards or choosing one over the other. *See, e.g.*, *K.L. v. Sec'y of Health & Human Servs.*, No. 12-0312V, 2015 WL 11882259 (Fed. Cl. Spec. Mstr. Oct. 30, 2015) (granting petitioner's second request to redact only her name to initials which was accompanied by additional information regarding the potential harm she may suffer regarding her employment).

## II. Analysis

In her motion, Petitioner argues that she "believes, not to redact this information, is an invasion of her privacy." Motion to Redact at 1. She includes a copy of the damages decision with a redacted amount awarded. *Id.* at 2-3. In addition to providing no evidence, information, or argument to support her redaction request, Petitioner utilizes a lower standard than the standard for redaction set forth in the Vaccine Act. As stated in the previous section, to qualify for redaction in vaccine cases, a petitioner must show that disclosure "would constitute a **clearly unwarranted** invasion of privacy." Section 12(d)(4)(B) (emphasis added); *accord.* Vaccine Rule 18(b). Respondent did not file a response.

"Judgments and the amounts awarded in damages routinely are disclosed in other judicial decisions . . . [and] Section 12(d)(3)(A) requires a special master's decision to state whether compensation is to be awarded and the amount of such compensation. *Castagna v. Sec'y of Health& Human Servs.,* No. 99-411V, 2011 WL 4348135, at *12 (Fed. Cl. Spec. Mstr. Ayg. 25, 2011). As this specific instruction demonstrates, there is a strong public interest in knowing the amount of compensation awarded in vaccine cases. This information informs future claimants of the amounts previously awarded and thus, instructs them on the amounts they should seek.

Petitioner seeks to redact information which is necessary to inform the public of the factors to be considered when a determination regarding the appropriate amount of damages is made. Because of the public interest in disclosure, such information would not be appropriate for redaction under the Vaccine Act. *See W.C.*, 100 Fed. Cl. at 461.

## III. Conclusion

For the reasons set forth above, I hereby determine that Petitioner has <u>not</u> established that redaction of the amount awarded in the Damages Decision I issued on October 13, 2020 is appropriate under Section 12((d)(4)(B) of the Vaccine Act. However, when posted, the Damages Decision will reflect the amended caption which contains Petitioner's initials only. This change should afford Petitioner some protection.

**Petitioner's Motion to Redact filed on October 15, 2020 at ECF No. 45 is DENIED.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
